**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

SIVAD DAVIS,

                          Petitioner,

     v.                                            No. 09-CV-291
                                                   (NAM/DRH)

RAMON CUNNINGHAM,

                          Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                            **OF COUNSEL:**

SIVAD DAVIS
Petitioner Pro Se
98-B-0943
Woodbourne Correctional Facility
Riverside Drive
Woodbourne, New York 12788


HON. ANDREW M. CUOMO            ELAINE L. BLOCK, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

     **REPORT-RECOMMENDATION AND**
                                   **ORDER**[1]

     Petitioner pro se, Sivad Davis ("Davis") is currently an inmate in the custody of the

New York State Department of Correctional Services ("DOCS") at Woodbourne

Correctional Facility. On March 25, 1998, a jury in Broome County found Davis guilty of

robbery in the first degree. As a second felony offender, Davis was sentenced to eighteen

---

      [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

years imprisonment. Davis is currently serving that sentence. Davis now seeks a writ of habeas corpus under 28 U.S.C. § 2254 claiming (1) ineffective assistance of trial counsel and (2) ineffective assistance of appellate counsel. For the reasons that follow, it is recommended that the petition be denied.

**I. Background**

On May 4, 1997, a robbery occurred at the Giant Food Market in Binghamton, New York. People v. Davis, 260 A.D.2d 726, 726 (3d Dep't 1999). Approximately $27,300 was stolen by an individual armed with a gun. Id. On July 9, 1997, Davis was indicted and charged with one count of robbery in the first degree, specifically aiding and abetting, and one count of criminal possession of a weapon in the fourth degree. Sullivan Aff. (Dkt. Nos. 13-6 at 70-71; 13-17, Ex. Q at 3-4) ¶ 4; Dkt. No. 13-6, Ex. F. at 21. On July 15, 1997, Davis was arraigned in Broome County Court and the prosecution declared its readiness for trial. Sullivan Aff. ¶ 3. On July 28, 1997, Davis's trial counsel, Michael Sullivan, requested discovery material. Id. ¶ 4.

On December 3, 1997, Sullivan moved to dismiss the indictment on speedy trial grounds (Dkt. Nos. 13-6 at 69-71; 13-17, Ex. Q)[2] and Davis appeared in county court. Dkt. No. 14-2. During the appearance, the court stated that Davis' case had been postponed due to court congestion, scheduled a suppression hearing for December 18, and

---

[2] In Davis' pro se motion papers, he indicates the motion for speedy trial release and dismissal occurred in October 1997. Dkt. No. 13-6, Ex. F at 23-24. However, the affidavit supporting the motion was filed with the State Court Records, and the date was confirmed as December 3, 1997. Dkt. No. 13-6 at 69-71.

confirmed with the prosecution its readiness to proceed. Dkt. No. 14-2 at 2-5, 8. Additionally, Davis' counsel confirmed the acceptance of appropriate discovery materials, though complained of an inordinate delay in receiving the paperwork and failure to be furnished with specific reports. Id. at 6. The court reserved the matter for further discussion at the suppression hearing. Id. at 6-7. The issue was never again addressed.

On December 18, 1997, Davis attended the suppression hearing represented by Sullivan and argued that his statements and the results of searches should be suppressed. Dkt. No. 14-1. Davis' counsel extensively cross-examined the investigator. Dkt. No. 14-1 at 32-40, 44-45. Davis also testified during which Sullivan objected multiple times during cross-examination and opposed the prosecution's request for an adjournment to call an additional witness. Id. at 50-54, 63, 64, 65-66, 71, 72-74, 78, 80-81. Sullivan was successful in preventing the adjournment and further testimony from the investigator. Id. 81-82. Sullivan also delivered a persuasive argument to the Court, but the court ultimately upheld the admissibility of the statements and evidence from the searches. Id. at 82-84, 91-98.

Davis' trial commenced on January 27, 1998. Dkt. Nos. 14-3. On the morning of May 4, 1997, Davis and his friend, "Ace," were driven in a white vehicle to Davis' former apartment for Davis to retrieve either mail or stereo speakers. T. 378, 622, 642-43.[3] Davis and Ace could not enter the building complex and Ace told Davis that he would return to the car shortly. T. 548, 622-23, 643. Davis entered a Giant store and approximately one minute after Davis left the store, it was robbed by an armed man. T.

---

[3] Citations to "T." are to pages of the trial transcript. Dkt. Nos. 14-3 through 14-6.

623-24. Surveillance cameras appeared to show Ace holding up the store at gunpoint. T. 551-52, 625. Police found Martin, the driver of the car. T. 332-37. Through Martin, police identified Davis and questioned him at the precinct. T. 545-47, 620, 640-41. Davis voluntarily waived his constitutional rights and provided a statement. T. 545-47, 620, 640-41. Police then obtained a search warrant and searched Davis' apartment, recovering from the bedroom money and clothes similar to those worn by the robber. T. 563-65, 629-33.

Throughout the trial, Sullivan thoroughly cross-examined each witness. T. 239-50, 253-256, 264-67, 276-77, 279-80, 288-94, 295-97, 304-05, 350-58, 359-60, 366, 415-26, 428-40, 443-45, 494-517, 524-25, 576-91, 612-14, 637-46, 651, 655-56, 657, 658, 666-67. Sullivan also made objections throughout the trial, strenuously argued various points, and won, a motion in limine. T. 307-13. Sullivan also moved for dismissal at the conclusion of the prosecution's case. T. 668-69. Sullivan actively participated in the charge conference at the conclusion of the trial. T. 673-79. Sullivan also moved for a direct verdict after the guilty verdict was read, and sought Davis' release pending sentencing. T. 775-76.

Davis was found guilty and sentenced as indicated above. Davis, 260 A.D.2d at 727. Davis appealed the judgment of conviction represented by appellate counsel Mitchell Kessler, Esq., challenging (1) the weight and sufficiency of the evidence, and (2) whether allowing the prosecutor to replay the surveillance video for the jury during deliberations violated Davis' rights. Dkt. No. 13-1, Ex. A at 2; see also Davis, 260 A.D.2d at 727. Kessler submitted a memorandum of law and supporting evidence, arguing that the jury's verdict was troublesome due to gaps in the record which did not support Davis' conviction

and that the court improperly delegated its judicial responsibilities to the prosecutor when it allowed the prosecutor to present video evidence to the jury.  Dkt. No. 13-1, Ex. A at 10-16.  The Appellate Division affirmed the conviction and sentence.  Davis, 260 A.D.2d at 727-30.  On June 23, 1999, the New York Court of Appeals denied Davis's application for leave to appeal.  People v. Davis, 93 N.Y.2d 968 (1999); Dkt. No. 13-5, Ex. E at 2.

On November 16, 2007, Davis moved pro se to vacate the conviction.  Dkt. No. 13-6, Ex. F; Dkt. No. 13-7, Ex. G.  On March 28, 2008, the county court denied Davis' motion.  Dkt. No. 13-10, Ex. J at 2-3.  On July 2, 2008, the Appellate Division denied Davis' request to appeal.  Dkt. No. 13-13, Ex. M at 2.  Davis' motion for leave to appeal to the New York Court of Appeals was denied.  Dkt. No. 13-16, Ex. P at 2; see also People v. Davis, 11 N.Y.3d 735 (N.Y. 2008).  This action followed.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas review only if state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."

Williams v. Taylor, 529 U.S. 362, 412–13 (2000).  "Under the 'unreasonable application' clause, a federal court may review the habeas petition if the state court's application of Supreme Court precedent was 'objectively unreasonable.'"  Id. at 409.

### III. Discussion

### A. Timeliness

A federal court may review a habeas corpus petition if it is timely filed.  28 U.S.C. § 2244(d).  To be timely, a petition must be filed within one year after the date when the decision becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. at (d)(1)(A).  On June 23, 1999, the New York Court of Appeals denied Davis's application for leave to appeal.  See Davis, 93 N.Y.2d 968.  Davis' conviction became final ninety days later, on August 24, 1999, when his opportunity to petition the United States Supreme Court for certiorari expired.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).  Davis had one year from that date, or until August 24, 2000, to file a habeas corpus petition.  28 U.S.C. § 2244(d)(1).  The petition here was filed on December 2, 2008,[4] approximately seven years and four months after the statutory filing period.  The petition is, therefore, untimely unless Davis was entitled to equitable tolling for this period.

---

[4]The petition was filed by the Clerk on March 12, 2001.  Pet. (Dkt. No. 1).  However, Davis signed the petition under oath on December 2, 2008.  Pet. at 7.  For purposes of determining timeliness, a petition is deemed filed when signed.  See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases and holding that in the absence of other evidence, a habeas petition is deemed filed when signed by a pro se inmate); see also Miller v. People of New York, No. 05 Civ. 5754(LTS)(DCF), 2009 WL 5061746, at *5 n.5 (S.D.N.Y. Dec. 23, 2009).

Equitable tolling applies in "rare and exceptional circumstances." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citations omitted). Moreover, when exceptional circumstances exist, the burden remains on the petitioner to prove that the circumstances, and not the petitioner's own actions, actually prevented him from filing in a timely manner. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (citing Smith v. McGinnis, 208 F.3d at 17). Here, Davis' petition notes no exceptional circumstances nor is there shown any external factors that prevented Davis from filing within the statutory time frame.

Davis filed a motion for collateral review of his conviction before the present petition for habeas relief. The one-year statute of limitations "is tolled during the time that a properly filed application for state post-conviction review is pending . . . ." Acosta v. Artuz, 221 F.3d 117, 119 (2d Cir. 2000) (citing 28 U.S.C. § 2244(d)(2) (stating that if equitable tolling is applicable, "[t]he time during which a proper filing application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation.")). However, Davis' motion was dated November 16, 2007. This date exceeds the one-year statutory period by over seven years. Accordingly, it was not timely filed and could not engage the equitable tolling provisions. Moreover, while it is true that the "tolling provision excludes time during which properly filed state relief applications are pending [it] does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Therefore, the filing of this motion was also beyond the one-year statutory window and, thus, the petition remains untimely by at least seven years.

Davis thus submitted his habeas petition significantly beyond the one-year date when the conviction became final. Additionally, the petition is untimely and should be denied on this ground.

### B. Exhaustion

Before seeking habeas review, Davis must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c). Davis must have "given the state courts a fair opportunity to pass upon his federal claim." Daye v. Att'y Gen., 696 F.2d 186, 191 (2d Cir. 1982). Davis may alert the state court to his federal claim by citing the Constitution, relying on federal case law, on state cases employing constitutional analysis to a similar fact pattern, and by stating the claims in a specific way as to contemplate a constitutional provision or presenting a fact pattern that is common in constitutional litigation. Id. at 194.

Davis has raised two claims: (1) ineffective assistance of trial counsel, and (2) ineffective assistance of appellate counsel. The Second Circuit has held that "before a federal court intervenes [for an ineffective assistance of counsel claim], the state court should be given an opportunity to carefully review all . . . claims together to determine whether collateral relief may be appropriate." Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991). Moreover, "[t]he state courts should have been given the opportunity to consider all the circumstances and the cumulative effect of all the claims as a whole." Grady v. LeFevre, 846 F.2d 862, 865 (2d Cir. 1988). All of Davis's factual allegations, therefore, should be viewed collectively to determine if they amount to a due process violation requiring habeas remedy. See Rodriguez, 928 F.2d at 538.

8

Here, Davis' claim for ineffective assistance of trial counsel is based on six enumerated allegations: (1) failure to obtain a decision from the trial judge on the speedy trial motion; (2) inadequate preparation time spent with Davis prior to trial (fifty four minutes); (3) failure to investigate the crime scene; (4) failure to interview any of the prosecution's witnesses; (5) failure to interview the Giant Market store person who activated the alarm system; and (6) failure to provide Davis with requested documents. Pet. at ¶ 13(A)-(B). Davis' claim for ineffective assistance of appellate counsel is based solely on his attorney's refusal to raise Davis' speedy trial issue on appeal. Id. ¶ 13(C).

In 2007, Davis, as a pro se litigant, mOved the state court to vacate his conviction. See Dkt. Nos. 13-6, Ex. F; 13-7, Ex. G . In this motion, Davis raised a claim of ineffective assistance of trial counsel. The factual allegations making up that claim, however, can be distinguished from the six raised in the present petition. In the state court motion, Davis' claim for ineffective assistance of trial counsel was based upon an alleged a "failure to conduct any investigation on the case . . . [and] failure to move to reopen the suppression hearing . . . ." Dkt. No. 13-6, Ex. F at 5. Davis' claim alleged "counsel failed to . . . investigate and reveal to the Court that no actual warrant existed thus voiding any pretense of probable cause to arrest on the robbery count." Id. at 22. Davis did not specifically indicate that trial counsel failed to investigate the crime scene, interview prosecution or Giant market witnesses, or spend adequate time with Davis before trial. Five of the six elements included in Davis' claim for ineffective assistance of trial counsel, therefore, have not yet received full consideration by the state courts and are unexhausted.

9

With respect to the claim of ineffective assistance of appellate counsel, Davis has never presented this claim to any state court. "[T]he remedy for claims of ineffective assistance of appellate counsel is a petition for writ of error *coram nobis* . . . [and t]hus, claims for ineffective assistance of appellate counsel are considered exhausted upon the filing and consideration of a petition for write of error *coram nobis*." Garcia v. Keane, 973 F. Supp. 364, 369 (S.D.N.Y. 1997). Davis has not filed a *coram nobis* petition. This second claim, therefore, also remains unexhausted.

### C.  Defaulted Claims

While failure to exhaust claims generally prohibits a habeas court from evaluating a claim on the merits, an unexhausted claim is deemed exhausted when there is no alternative means to exhaust that claim. See Castille v. Peoples, 489 U.S. 346, 351 (1989). The lack of a state court forum to exhaust the claim results in "procedural default." See generally Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997) (citations omitted) ("[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'").

The sixth element of Davis' ineffective assistance of trial counsel, an argument concerning the failure to obtain a decision from the trial judge on the speedy trial motion, was previously identified in his post-conviction state court motion. Davis has no available state remedy on this specific ground because he did not raise this issue in his direct

10

appeal to the Appellate Division or in his application to the Court of Appeals.  See Grey v. Hoke, 933 F.2d 117, 120–21 (2d Cir. 1991) (citations omitted); see also Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (explaining that "[p]etitioner was entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals . . . .").  Because state courts can procedurally bar this ground, this Court may deem it procedurally defaulted.  See Aparico, 269 F.3d at 91 (internal itations omitted); see also Reyes, 118 F.3d at 140.

"The Court is precluded from considering this procedurally defaulted claim unless [Davis] can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Hogan v. West, 448 F. Supp. 2d 496, 506 (W.D.N.Y. 2006) (internal quotation marks omitted) (citing Harris v Reed, 489 U.S. 255, 262 (1989)).  Under the first prong, "cause" can be established in a case alleging ineffective assistance of counsel by showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court," or that ineffective assistance of counsel was the reason for default.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Additionally, "prejudice" exists where there is a "reasonable probability" that the result of the proceeding would have been difference but for the Constitutional violation.  Stickler v. Greene, 527 U.S. 263, 289 (1999).

Here, under the first prong, Davis cannot demonstrate an external factor or other reason that "caused" the default as it was his simply his failure to raise the ground for appellate review.  Moreover, Davis cannot establish "prejudice" because there is not a reasonable probability that absent the raising of the speedy trial motion, the trial court

11

would have dismissed the charges based on Sixth Amendment grounds.[5]  Under the second prong, Davis cannot show that he was "actually innocent" of the robbery, and, therefore, cannot establish any fundamental miscarriage of justice.  See Aparicio, 269 F.3d at 90.  Therefore, the speedy trial ground for ineffective assistance of counsel is procedurally defaulted.

Even though some of Davis's claims are unexhausted and one of Davis's grounds is in procedural default, AEDPA allows the petition to be "denied on the merits notwithstanding the failure . . . to exhaust . . . ." 28 U.S.C. 2254(b)(2).[6]  Thus, although the habeas petition includes both exhausted and unexhausted claims, this Court may still review the merits of these claims.

### D. Merits

Davis claims both ineffective assistance of trial and appellate counsel.  Davis asserts that his trial counsel failed to obtain the County Court's ruling on his speedy trial motion, failed to investigate the crime scene, failed to interview prosecution witnesses, and failed to adequately prepare him for trial with interview time.  The claim for ineffective assistance of appellate counsel is based upon counsel's failure to raise Davis's speedy trial motion on appeal.

---

[5] A court need not determine whether Davis suffered actual prejudice where "cause" is lacking for the procedural default.  See McCleskey v. Zant, 499 U.S. 467, 502 (1991).

[6] "By reaching the merits of the ineffective assistance claim, we need not determine whether the claim is procedurally barred . . . ." Mills v. Scully, 826 F.2d 1192, 1197 n. 1 (2d Cir. 1987).

**1. Law**

"The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment . . . ." Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish ineffective assistance of counsel, a petitioner must prove that counsel's performance was (1) deficient and (2) caused actual prejudice to petitioner's defense. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000). The first inquiry requires that a defendant show counsel's performance "fell below an objective standard of reasonableness." Murden v. Artuz, 497 F.3d 178, 198 (2d Cir. 2007) (quoting Strickland, 466 U.S. at 688). There is a strong presumption that counsel "made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. The second inquiry requires the reviewing court to determine whether there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

To determine whether counsel's performance was effective, the court examines "counsel's overall performance" as reflected in the record. See Kimmelman v. Morrison, 477 U.S. 365, 386 (1986); see also Jeremiah v. Artuz, 181 F. Supp. 2d 194, 203-04 (finding counsel's assistance effective where he cast doubt on the prosecution's case through competent cross-examination and closing argument). Additionally, where counsel decided to focus on some issues rather than others, there is no cognizable habeas corpus

claim for ineffective assistance of counsel because the court presumes counsel's choice was one based on tactical reasons. Yarborough v. Gentry, 540 U.S. 1, 5 (2003).[7]

### 2. Ineffective Assistance of Trial Counsel

In October 1997, Sullivan filed a motion to dismiss Davis' indictment based on the court's alleged failure to provide a speedy trial. Dkt. No. 13-6 at 69-71. Davis' motion was cogently argued and never decided because (1) court congestion had burdened the Court and delayed Davis' hearings; (2) the government had already declared trial readiness and, thus, the only sanctions would result from prejudice to Davis; and (3) the court reserved the right to decide upon sanctions but commented that Davis had not been prejudiced by any delay because he had received adequate discovery. See Dkt. No. 14-2. Davis' trial counsel never submitted this request for submission of written evidence of prejudice and,, accordingly, Davis now argues that the trial court never made a decision on the matter. However, as previously stated, the county court implicitly denied any showing of post-readiness prejudice by stating on the record that Davis had received most of his requested discovery demands and that the burden fell on him to show prejudice that would justify consideration of his speedy trial motion. Dkt. No. 14-2 at 5-10.[8] These statements by the

---

[7] In assessing attorney performance, the court must apply a "heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Additionally, a court "will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a 'significant potential downside.'" Id. (quoting Sacco v. Cooksey, 214 F.3d 270, 275 (2d Cir. 2000).

[8] Any arguments concerning pre-readiness prejudice for a speedy trial violation are meritless. Being "[r]eady for trial [requires] two elements, (i) either a statement of readiness by the prosecutor in open court . . . and (ii) the People must in fact be ready to proceed at the time they declare readiness." People v. Chavis, 91 N.Y.2d 500, 505 (N.Y.

14

court arguably indicated to Davis that such a motion would not be fruitful. Given the deference accorded to counsel's decision making abilities, and the arguable advisory opinion already proffered by the court, Sullivan was aware the argument was futile and thus his actions were reasonable in failing to pursue it. Additionally, Davis fails to proffer how the four-month lapse in receiving discovery prejudiced him during trial. Thus, Davis' petition on this ground should be denied.

Davis' claim for ineffective assistance of trial counsel is also based on counsel's alleged failure to prepare adequately for trial by not spending sufficient time with Davis prior to trial, not interviewing prosecution witnesses and other involved individuals, and not investigating the crime scene. The claims are factually unsupported as the record fails to demonstrate any unreasonable representation by trial counsel or prejudice suffered by Davis. The lack of factual support regarding Davis' broad claims of ineffective assistance have already been judicially noted. Dkt. No. 13-10, Ex. J at 2-3.

Conversely, Davis' trial counsel provided highly effective representation. Sullivan fully participated in pre-trial motion practice, including securing a suppression hearing. Counsel then ade an opening statement, cross-examined witnesses, made thorough objections, won an *in limine* motion, provided a persuasive summation argument, despite overwhelming evidence against his client, made appropriate motions for dismissal and a

---

1998) (internal quotation marks and citations omitted). In this case, the prosecution declared their readiness for trial, in open court, during Davis' arraignment on July 15, 1997. Sullivan Aff. ¶ 3. The validity of this readiness was never challenged and, thus, is presumed true. "[I]n the absence of a statement of readiness to proceed, any delay due to court congestion is entirely chargeable to the People." Chavis, 91 N.Y.2d at 505 (citations omitted). As the prosecution had already declared its readiness prior to the delay caused by court congestion, the delay is not properly chargeable to the prosecution, but to the court.

directed verdict, and sought release of his client from custody prior to his sentencing. The overwhelming evidence against Davis has also been judicially noted. Davis, 260 A.D.2d at 727-29. Sullivan's actions demonstrated that he was engaged in all aspects of pre-trial and trial litigation and presented a good defense despite such overwhelming circumstantial evidence. As such, Davis has not shown that trial counsel failed to provide reasonable assistance throughout his trial, or that because of his counsel's representation, Davis suffered prejudice. See e.g., Jeremiah, 181 F. Supp.2d at 203-04 (weighing all aspects of trial counsel's performance, including his presentation of evidence, cross-examination, and summation, in evaluating whether the performance was ineffective or prejudicial).

Therefore, Davis' petition, on these grounds should be denied and this claim of ineffective assistance of trial counsel should be denied.

### 3. Ineffective Assistance of Appellate Counsel

Davis' claim for ineffective assistance of appellate counsel, representation which was provided by Mitchell Kessler, is solely based on Kessler's refusal "to include [Davis's] speedy trial issue on direct appeal." Pet. at ¶ 13(C).

"After a criminal action is commenced, the defendant is entitled to a speedy trial." N.Y. Crim. Proc. Law § 30.20(1). A right to a speedy trial is "guaranteed . . . by the Sixth Amendment to the Constitution . . . is fundamental and is imposed by the Dues Process Clause of the Fourteenth Amendment on the States." Barker v. Wingo, 407 U.S. 514, 515 (1972). In Barker, the United States Supreme Court established a balancing test of four factors to determine if a defendant's right to a speedy trial had been denied, including (1)

duration of delay, (2) reason for delay, (3) assertion of right, and (4) prejudice to the defendant. 407 U.S. at 530-33.

Applying the first factor, prejudice resulting from extended delay is generally "crossed as the delay approaches one year." United States v. Marley, No. 1:04-CR-339 (FJS), 2006 WL 3544929, at *3 (N.D.N.Y. Dec. 8, 2006). Specifically,

> [a]s an initial matter, a court will not entertain a speedy trial claim unless the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial . . . [of which a] 377-day period between Petitioner's arrest and the commencement of his trial . . . is certainly not extraordinary, and federal courts have found that much longer delays do not violate the Sixth Amendment . . . .

Velez v. People of State of New York, 941 F. Supp. 300, 318 (E.D.N.Y. 1996); see also Campbell v. Greene, 440 F. Supp. 2d 125, 144 (N.D.N.Y. 2006) ("The United States Supreme Court, as well as courts within the Second Circuit, have found no constitutional speedy trial violation to have occurred in cases in which the period of time between . . . arrest and trial was substantially longer than one year.").

Here, Davis has alleged a delay of only seven months between his initial indictment, July 1997, and his criminal trial, January 1998. This short time period is insufficient to trigger a court's evaluation of a speedy trial claim as it is not an extraordinary delay and therefore not a violation of Davis' Constitutional rights. Thus, Kessler recognized that raising the claim would have been futile. As Kessler is not required, or permitted, to make knowingly meritless arguments, his failure to raise the alleged speedy trial violation was not ineffective assistance of counsel. See, e.g., Horton v. Ercole, 557 F. Supp. 2d 308, 327 (N.D.N.Y. 2008) ("[A]ppellate counsel cannot be ineffective for failing to raise a

meritless claim on direct appeal.") (citations omitted).

Furthermore, evaluating the other Barker factors fail to support Davis' position. The calendaring impediment, due to judicial congestion, was the reason for the delay. Davis has not challenged the validity of the prosecution's declaration of trial readiness on July 15, 1997, and,, thus,, has not suggested any wrongdoing or intention of the prosecution to delay and impair Davis' defense. See, e.g., Campbell, 440 F. Supp. 2d at 144 ("Since there is no evidence that the State sought to delay [petitioner's] trial in an attempt to hamper petitioner's defense, this factor does not weigh in his favor.") (citations omitted). The third factor, assertion of right, favors Davis, as there was no delay in asserting the violation before the County Court. The final factor, prejudice to the defendant, has yet to be demonstrated by Davis. As noted above, Davis was instructed by the county court to submit written evidence of the prejudice due to the delay, which Davis failed to produce or support with factual allegations in this petition. However, Sullivan received all information that he needed to establish his case and that, because the relevant information though potentially not all the relevant documents, were provided to Davis, no prejudice could be shown. Dkt. No. 14-2 at 5-8.

Even disregarding Davis' inability to surmount the threshold factor, weighing the other Barker factors reveals that Davis cannot establis that his speedy trial rights were violated. Without a valid speedy trial claim, Kessler cannot be deemed ineffective for refusing to raise this issue on appeal. Notably, Davis' appellate counsel did advocate for his client on several other claims that he felt were not frivolous or without merit. See Dkt. No. 13-1, Ex. A.

Davis's claim for ineffective assistance of appellate counsel, therefore, should be denied.

## IV. Conclusion

For the reasons stated above, it is **RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Furthermore, the Court finds that Davis has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Therefore, it is recommended that no certificate of appealability should issue with respect to any of Davis' claims.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and N.D.N.Y.L.R. 72.3(a)(3). The District Court ordinarily will refuse to consider on *de novo* review arguments, case law, and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g., Patterson-Leitch Co., v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990–91 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives**

**the right to appeal the District Court's Order**.  Thomas v. Arn, 474 U.S. 140 (1985);

Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: July 22, 2010
       Albany, New York

_____
David R. Homer
U.S. Magistrate Judge